VANGUARD CONSTRUCTION CORP., recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada.

*Número*: O-72-328     *Resuelto*: 14 de enero de 1974

*Reichard & Colberg*, abogados de la recurrente; *E. Delgado Roque* y *Jorge Márquez Gómez*, abogados de la demandada.

PER CURIAM: A la recurrente Vanguard Construction Corporation le fue adjudicada mediante subasta la construcción de una obra pública consistente en la eliminación de aguas pluviales que se acumulaban en el sector Cataño-Amelia del Municipio de Guaynabo. El contrato y todas las especificaciones del proyecto fueron radicados en el idioma inglés bajo el título de "Construction of Cataño-Amelia Drainage Works." Con el fin de formalizar la póliza de seguro en protección de los trabajadores, requisito previo indispensable para iniciar la obra, el 21 de febrero de 1969 se personó en las oficinas del Fondo del Seguro del Estado el Ing. Gonzalo de los Reyes en representación de su patrono la recurrente y allí presentó el referido contrato de construcción y una carta del Jefe de la División de Compras y Contratos del Departamento de Obras Públicas dirigida al Administrador del Fondo en la cual notifica a éste la adjudicación de la obra a la recurrente, designándola en el idioma inglés como "Construction of Cataño-Amelia Drainage Works." En el mismo acto el Ing.

De los Reyes llenó la solicitud oficial de póliza titulada "Solicitud y Datos para la Expedición de Pólizas de Seguro a [*sic*] Obreros" y en el espacio correspondiente a la descripción del trabajo a realizarse dio la siguiente información en el idioma ingles: "This policy is to cover the construction of the Cataño-Amelia Drainage Works Project. . . ."

El empleado del Fondo se equivocó al clasificar la obra como "drenaje", en vez de "alcantarillado pluvial" que era su verdadera naturaleza e impuso una prima de $5.30 por cada $100.00 de nómina que resulta mucho más bajo que el tipo para "alcantarillado pluvial" que es de $12.00 por cada $100.00 de nómina y que computados sobre la nómina total de la recurrente representa una diferencia de casi $57,000.00. Pagó la recurrente la parte exigible de la prima por su seguro en obra de drenaje, y no es hasta el 19 de marzo de 1969 que al revisar la póliza el Fondo del Seguro del Estado se percata del error y notifica a la constructora Vanguard; y subsiguientemente el 14 de mayo de 1969 se formalizó la nueva póliza cubriendo los riesgos de alcantarillado pluvial, cuyas primas pagó bajo protesta la asegurada y recurrió a la Comisión Industrial, donde alegó que habiendo transcurrido el término de 15 días desde la expedición de la póliza original el Administrador del Fondo estaba impedido de revisar o alterar la misma, tanto por cláusula de la propia póliza como por precepto del Reglamento del Fondo que dispone:

"Dentro del término de 15 días de expedida una póliza, el Administrador podrá hacer cualquier cambio en los tipos o clasificaciones, a los fines de ajustar la póliza a lo dispuesto en este Sub-capítulo o en el Manual de Clasificaciones y Tipos vigente a la fecha de la expedición de la póliza." 11 R.&R.P.R. 19–11(f).

No hay que ahondar en cuanto a la causa determinante del error al clasificar la obra e imponer primas, para decidir si estaba o no en tiempo el Administrador del Fondo para reclasificar riesgos y reajustar las primas bajo el Reglamento del Fondo (11 R.&R.P.R., 19–11(f) y (g)) toda vez que la

facultad le fue reservada contractualmente sin límite de tiempo en el párrafo primero de las condiciones generales de la póliza que dispone:

"1.—El Administrador del Fondo del Seguro del Estado se reserva el derecho a reclasificar los riesgos de acuerdo con los trabajos finalmente realizados de conformidad con la Ley y Reglamentos del Fondo del Seguro del Estado."

Actuó correctamente el Administrador al reclasificar el riesgo como "Alcantarillado Sanitario o Pluvial" bajo la clave 6306-266 del Manual de Clasificaciones.

*Se confirmará la resolución revisada de la Comisión Industrial de Puerto Rico.*

El Juez Asociado Señor Irizarry Yunqué no intervino.